UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIFFANY RECINOS,

Plaintiff,

v.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Defendant.

CASE NO. 2:23-cv-791 MJP

ORDER DISMISSING CASE WITHOUT PREJUDICE

On May 26, 2023, Plaintiff Tiffany Recinos filed this action in federal court based on alleged diversity jurisdiction and federal question jurisdiction. (Complaint (Dkt. No. 5).) After filing her Complaint, Recinos was granted leave to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915(e)(1). Since that time, Recinos has file two amended complaints against two new Defendants (Dkt. Nos. 13, 14), a motion for court-appointed counsel (Dkt. No. 6), a motion for a writ of mandamus (Dkt. No. 8), two motions for a writ of certiorari (Dkt. Nos. 9, 10) and three motions to enforce various state and federal laws (Dkt. Nos. 15, 27, 29). Counsel for Defendants have yet to appear in the matter. After reviewing the Complaints, it is clear that Recinos fails to

state a viable claim against the EEOC and that the Court lacks jurisdiction over the Amended Complaints. Consequently, Recinos' Complaint is DISMISSED without prejudice and the Amended Complaints are DISMISSED with prejudice.

**BACKGROUND**

Recinos' initial complaint is against the Equal Employment Opportunity Commission ("EEOC"). Recinos alleges that her employer terminated her after she suffered a stroke and experienced blindness. (Complaint at 3.) Recinos filed a disability discrimination claim with the Washington Human Rights Commission in 2019. (Id. at 4.) It is unclear whether Recinos also filed a complaint with the EEOC or if she is confusing the EEOC with the Washington Human Rights Commission. Regardless, through one of the processes it appears Recinos was offered her job back. (Id. at 3.) Recinos alleges this remedy would force her back into an abusive workplace and instead requests her Labor and Industries ("L&I") benefits and disability benefits dating back to the EEOC's alleged involvement in 2019, along with $3.25 million dollars in restitution. (Id.) She also asks the Court to terminate the EEOC. (Id.) Recinos brings claims under Title VII, the Americans with Disabilities Act ("ADA"), and the Genetic Information Nondiscrimination Act (GINA). (Id. at 2.)

Recinos' First Amended Complaint brings a negligence claim against Mike Kreidler, the Washington State Insurance Commissioner. (First Amended Complaint at 3-4 ("FAC") (Dkt. No. 13).) The FAC asserts Kreidler is vicariously liable for Recinos' insurance company's alleged breach of contract regarding water damage that occurred in Recinos' home. (Id.) Recinos requests paperwork from her insurance company, the rebuilding of her entire home and $3.25 million dollars in damages. (Id. at 4.) Recinos' Second Amended Complaint is against Judge Timothy Wakenshaw, who sits on the Washington State Board of Industrial Insurance Appeals

(BIIA). Recinos contends that Judge Wakenshaw oversaw her L&I and workers' compensation claims but did not provide adequate relief. (Second Amended Complaint at 3 ("SAC") (Dkt. No. 14).) Recinos requests $3.25 million in damages from Wakenshaw. (Id.)

**ANALYSIS**

Federal courts are courts of limited jurisdiction, and are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Federal courts have jurisdiction where an action arises under federal law, 28 U.S.C. § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332(a). A court may dismiss an action sua sponte for lack of jurisdiction. Franklin v. State of Or., State Welfare Div., 662 F.2d 1337, 1342 (9th Cir. 1981). "[I]f the court lacks subject matter jurisdiction, it is not required to issue a summons or follow the other procedural requirements." Id. Additionally, when a litigant is proceeding IFP, a court may dismiss the action if it is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Recinos' Complaint fails to state a claim against the EEOC. "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Dismissal is only proper if it is clear the plaintiff cannot prove any set of facts in support of the claim that would entitle her to relief. Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint and construe[s] them in the light most favorable to the plaintiff. Warshaw v. Xoma Corp., 74 F.3d

955, 957 (9th Cir. 1996). The Court "construe[s] [a pro se plaintiff's] pleadings liberally and . . . afford[s] the petitioner the benefit of any doubt." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotation marks omitted).

To begin, it is unclear if the EEOC was actually involved in Recinos' employment dispute. The only document Recinos submits in support of agency involvement is from the Washington State Human Rights Commission, not the EEOC (See Complaint at 4.) But assuming the EEOC was involved, Racinos still fails to allege facts that would give rise to a claim. Recinos' alleges the EEOC never resolved her employment claims, that she never received her L&I benefits and she was ordered back to work as a result of EEOC involvement. (Complaint at 3.) None of these accusations include any factual allegations to suggest she has claims against the EEOC under Title VII, the ADA and GINA. Not only are there insufficient details to know what specific claims under these federal laws Recinos is bringing, but it appears the alleged discriminatory practice was on the part of her employer, not the EEOC. And Recinos cannot bring claims against the EEOC for L&I and disability benefits. Because Recinos fails to explain how the EEOC violated her rights under Title VII, the ADA and GINA, and how the EEOC is responsible for her L&I and disability benefits, she has failed to state a claim on which relief may be granted. The Court finds dismissal is proper under 28 U.S.C. § 1915(e)(2)(B)(ii).

Recinos' Amended Complaints warrant dismissal because the Court lacks jurisdiction over them. Recinos asserts the Amended Complaints are proper in Federal Court under federal question and diversity jurisdiction. (FAC at 2.) But in the FAC, Recinos brings a negligence claim against Kreidler, which is a state law tort claim and does not invoke federal question jurisdiction. And though Recinos claims the amount in controversy is $3.25 million, Kreidler is a Washington State resident, which means there is no diversity of citizenship to give the Court

diversity jurisdiction. Similarly, Recinos' SAC involves two Washington State residents. (SAC at 1-2.) This means diversity jurisdiction is unavailable to Recinos for her SAC. Federal question jurisdiction for the SAC is also unavailable. Though it is unclear what specific claims Recinos is bringing against Wakenshaw, it appears she is asking this Court to review his decision for abuse of discretion. (Id. at 3.) The Court does not have authority to review a state agency's decision.

Supplemental jurisdiction similarly provides no relief for Recinos because the Amended Complaints are unrelated to her initial Complaint. Supplemental jurisdiction gives district courts jurisdiction over nonfederal claims so long as those claims "form part of the same case or controversy . . ." Mendoza v. Zirkle Fruit Co., 301 F.3d 1163, 1174 (9th Cir. 2002). Nonfederal claims are part of the same "case" as federal claims when they "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." Finley v. United States, 490 U.S. 545, 549 (1989) (internal quotation and citation omitted). Here, the FAC brings claims related to water damage in Recinos' home. (FAC at 3-4.) There is nothing in the FAC to suggest it is related to her employment or the EEOC's handling of her complaint. And though the SAC involves her employment, it does not relate to the EEOC's involvement in her employment dispute.

The Court finds additional grounds to dismiss the Amended Complaints as meritless under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). The Court finds the FAC is frivolous given that Recinos seeks millions of dollars from a State Commissioner who is not liable for an insurance company's decision. And the SAC seeks monetary relief from a judge who is immune from such relief. For these reasons, Recinos' Amended Complaints are DISMISSED WITH PREJUDICE.

The Court also notes that both the FAC and the SAC are iterations of prior complaints Recinos has brought before the Western District of Washington. "To determine whether a suit is

duplicative, we borrow from the test for claim preclusion." Adams v. California Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007), overruled on other grounds by Taylor v. Sturgell, 533 U.S. 880 (2008). "[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Id. at 689.

In 3:23-cv-5097 Recinos v. Washington State Insurance Commissioner, Recinos brought claims against Kreidler and her insurance company for the water damage in her home. Though it was unclear in her complaint what specific claims she was bringing against Kreidler, the court interpreted her allegations as a claim for vicarious liability for her insurance company's alleged breach of contract. See Order Granting Defendant Kreidler's Motion to Dismiss at 3 (Dkt. No. 67). Her FAC in this case alleges the same cause of action against Kreidler. She also seeks the same relief. (Compare 3:23-cv-5097 Complaint (Dkt. No. 15) with FAC.) The complaints involve the same causes of action and relief sought, as well as the same parties. The Court finds the FAC is duplicative of the earlier suit filed (3:23-cv-5097).

Recinos also filed 3:23-cv-5473 Recinos v. Board of Industrial Insurance Appeals et al two days before filing this action and almost two weeks before filing her SAC. In 3:23-cv-5473, Recinos names Judge Wakenshaw as a defendant and brings causes of actions against him for his handling of her BIIA complaint. Though the relief sought differs from that in her SAC, the causes of action are the same and arise out of the same set of events. The Court finds the SAC is duplicative of her earlier suit (3:23-cv-5473). The Court finds the duplicative actions are additional reasons to dismiss the Amended Complaints.

**CONCLUSION**

The Courts DISMISSES Recinos' Complaint against the EEOC for failing to state a claim on which relief may be granted. The action is dismissed without prejudice. Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect [], a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.") Recinos has one more opportunity to file an amended complaint against the EEOC that states a claim for relief. Recinos must file the amended complaint within thirty (30) days of this Order. Failure to file an amended complaint will lead to dismissal of the case with prejudice.

The Court DIMISSES WITH PREJUDICE Recinos First Amended Complaint and Second Amended Complaint. The Court lacks jurisdiction over Recinos' Complaints against Kreidler and Wakenshaw, and also finds the cases to be meritless under 28 U.S.C. § 1915(e)(2)(B). As such, Recinos cannot amend these complaints to contain viable claims against either defendant. Further, both complaints are duplicative of prior actions that Recinos filed in this district and have been dismissed. The Court DISMISSES these complaints WITH PREJUDICE.

The clerk is ordered to provide copies of this order to all counsel.

Dated July 17, 2023.

Marsha J. Pechman
United States Senior District Judge