UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIFFANY RECINOS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　　Defendant. | CASE NO. 2:23-cv-791 MJP<br><br>ORDER DENYING MOTION TO APPOINT AND MOTION TO CONSOLIDATE |

This matter comes before the Court on Plaintiff's Motion to Appoint Counsel (Dkt. No. 6) and Motion to Consolidate. (Dkt. No. 10). Having reviewed the Motions and all supporting materials, the Court DENIES the Motions.

First, Plaintiff has failed to demonstrate any merit in her motion to appoint counsel. "Three factors are relevant to the trial court's determination whether to appoint counsel: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his own; and (3) the meritoriousness of plaintiff's claim." Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 269 (9th Cir. 1982). Although the Court accepts Plaintiff's alleged lack of financial

resources, it finds that Plaintiff has failed to demonstrate diligence in pursuing counsel or any merit to her claims. In her Motion to Appoint, Plaintiff lists her previous efforts to retain an attorney as "NA." This appears a concession she has not tried to find an attorney. And as the Court noted in its Order of Dismissal, Plaintiff has not alleged any claims over which the Court has subject matter jurisdiction. (See Dkt. No. 40).) In other words, the Court has found no merit to the claims. On balance, these factors do not convince the Court that appointment is proper. The Court DENIES the Motion to Appoint without prejudice. Should Plaintiff file an amended complaint over which the Court has subject matter jurisdiction, Plaintiff may renew her request for appointment of counsel.

Second, the Court finds no merit in Plaintiff's request for consolidation at this time. The Court found that it lacks subject matter jurisdiction over Plaintiff's complaint and dismissed it. (Dkt. No. 40.) The Court has granted leave to amend. At present, there is no complaint over which the Court has jurisdiction, which makes consolidation unnecessary and improper. The Court therefore DENIES the Motion to Consolidate without prejudice. Should Plaintiff file an amended complaint over which the Court has subject matter jurisdiction, Plaintiff may renew her request to consolidate.

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated July 26, 2023.

Marsha J. Pechman
United States Senior District Judge