UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIFFANY RECINOS,<br><br>                Plaintiff,<br><br>    v.<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                Defendant. | CASE NO. 2:23-cv-791 MJP<br><br>ORDER DISMISSING CASE WITH PREJUDICE |

This matter comes before the Court on Plaintiff's Amended Complaint. ("AC" (Dkt. No. 50).) The Court previously issued an Order sua sponte dismissing the Complaint under 28 U.S.C. § 1915(e)(1) for failure to state a claim for relief. (Dkt. No. 40.) The Court found that Plaintiff Tiffany Recinos's complaint was devoid of any factual allegations that would give rise to relief and that she failed to explain how the Equal Employment Opportunity Commission ("EEOC") was involved in her employment claims. (See Order at 4-5.) The Court gave Recinos thirty (30) days to file an amended complaint to fix the deficiencies in the complaint. (Id. at 7.)

1          Recinos filed an Amended Complaint within the thirty day timeline, however, the

2   Amended Complaint fails to address the issues identified by the Court. Recinos initially brought

3   this action against the EEOC. Her Amended Complaint now names the Washington State

4   Employment Security Department, Maxim Healthcare, and Concerto Healthcare as Defendants.

5   (AC at 2.) Recinos brings claims under both federal question and diversity jurisdiction. Neither

6   provides an avenue of relief.

7          Recinos brings claims against the newly named Defendants under "Title IV of the Civil

8   Rights Act of 1963," the Equal Pay Act of 1963, the Rehabilitation Act of 1973, and the Civil

9   Rights Act of 1991. However, she fails to allege any facts that would give rise to relief under

10  these. The Civil Rights Act of 1963 was proposed legislation that aimed to end racial

11  discrimination in the United States. It did not pass, meaning it is not a law that someone can

12  bring a claim for relief under. There is the Civil Rights Act of 1964, which may be what Recinos

13  is referencing. But Title IV of the Civil Rights of 1964 relates to desegration of public schools.

14  Recinos' claims are regarding her employment and make no reference to segregation in public

15  schools. Recinos fails to allege any facts that would give rise to  a claim for relief under Title IV

16  of the Civil Rights Act of 1964.

17         The Equal Pay Act of 1963 prohibits sex-based wage discrimination. The crux of

18  Recinos' Amended Complaint is that she was unjustly fired and is owed unemployment benefits

19  and backpay. Nowhere in Recinos' Amended Complaint does she allege her employer paid her

20  male counterparts differently. As such, Recinos does not have a claim for relief under the Equal

21  Pay Act. Similarly, the Rehabilitation Act of 1973 prohibits discrimination against people with

22  disabilities by federal agencies, federal contractors, or programs receiving federal funds. Not

23  only does Recinos fail to allege she has a disability, but it does not appear that any of the newly

24

named Defendants are federal agencies, federal contractors, or receive federal funds. Recinos fails to state a claim for relief that is plausible under the Rehabilitation Act.

Finally, the Civil Rights Act of 1991 provides protection against discrimination and harassment in the workplace. Though Recinos alleges that she received a COVID-19 immunization despite it being against her religion, she does not allege that she was terminated due to her religious beliefs or any other protected criteria. Rather, Recinos states that she worked as a nurse caring for "home health patients" and ultimately had to get immunized for COVID-19 in order to continue working. (AC at 4.) But, after her employer took her out of a home placement, the employer never reassigned her, and she was ultimately terminated. (Id.) Again, these allegations do not include any claims of discrimination or harassment. Recinos does not have a claim for relief under the Civil Rights Act of 1991.

Because Recinos' Amended Complaint is about unemployment benefits, which is a State law based claim, and having found that Recinos' fails to state a claim for relief under federal law, the Court turns to whether it has diversity jurisdiction. It does not. Recinos brings claims against a Washington State agency and two Washington State corporations. Diversity jurisdiction requires each plaintiff's citizenship to be diverse from each defendant's citizenship and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Here, all the parties involved are from Washington state. And though Recinos claims the amount in controversy is worth $3.25 million, the amount alone is not enough to satisfy diversity jurisdiction. The Court finds that is does not have jurisdiction.

Because Recinos' Amended Complaint fails to articulate any facts that would plausibly lead to relief, the Court DISMISSES Recinos' Amended Complaint with prejudice. Pursuant to Federal Rule of Civil Procedure 15(a)(2), courts should "freely give leave [to amend] when

justice so requires" and "requests for leave should be granted with 'extreme liberality.'" See Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009). "Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment." Id. "The district court's discretion is particularly broad in cases such as this, where [Plaintiff] has previously been granted leave to amend and fails" to remedy the prior complaint's defects. Rubke v. Capitol Bancorp, Ltd., 551 F.3d 1156, 1167 (9th Cir. 2009).

Recinos was given an opportunity to fix the defects in her initial complaint, which were outlined by the Court in its previous Order Dismissing the Complaint. Recinos failed to address any of the issues. Her Amended Complaint brings new claims against new Defendants and consists of conclusory allegations with no factual support. Recinos' Amended Complaint cannot be saved by further amendments. The Court DISMISSES the Amended Complaint with prejudice. All of Recinos' pending motions are DISMISSED as moot.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 21, 2023.

Marsha J. Pechman
United States Senior District Judge