UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIFFANY RECINOS,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　　　Defendant. | CASE NO. 2:23-cv-791 MJP<br><br>ORDER REVOKING IN FORMA PAUPERIS STATUS |

This matter comes before the Court on referral from the Ninth Circuit Court of Appeals for the limited purpose of determining whether in forma pauperis ("IFP") status should continue for the sake of Plaintiff's appeal or whether the appeal is frivolous or taken in bad faith. (Dkt. No. 75.) The Court finds that Plaintiff's appeal to the Ninth Circuit is frivolous and revokes her IFP status.

A litigant who cannot afford the expense of an appeal may move for leave to proceed IFP. Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(1). But "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. §

ORDER REVOKING IN FORMA PAUPERIS STATUS - 1

1915(a)(3); Hooker v. Am. Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002). A "good faith" appeal must seek review of at least one "non-frivolous" issue or claim. Id. An issue is "frivolous" where it "lacks an arguable basis either in law or in fact." Neitze v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are those "based on an indisputably meritless legal theory," such as claims against defendants who are immune from suit or for infringement of a legal interest that clearly does not exist. Id. at 327. Factually frivolous claims are those premised on "clearly baseless" factual contentions, such as claims "describing fantastic or delusional scenarios." Id. at 327-28.

Plaintiff has not shown she has brought his appeal in "good faith" because she fails to seek review of at least one "non-frivolous" issue or claim. Hooker, 302 F.3d 1092. This Court sua sponte issued an Order dismissing Plaintiff's complaint under 28 U.S.C. § 1915(e)(1) for failure to state a claim for relief because the complaint was devoid of any factual allegations that would give rise to relief. (Dkt. No. 40.) The Court also questioned whether the Equal Employment Opportunity Commission had any involvement based on the factual allegations and whether it was properly named as a defendant. (Id.) The Court gave Plaintiff thirty (30) days to file an amended complaint. Plaintiff filed an amended complaint alleging new claims against new defendants that were completely unrelated to the initial complaint and similarly lacked any factual basis. Plaintiff did not fix the defects in her initial complaint and the Court found that the amended complaint similarly consisted of conclusory allegations without any factual basis to give rise to relief. (Dkt. No. 61.) The Court dismissed Plaintiff's Amended Complaint with prejudice because it found the complaint could not be saved by further amendments. (Id.) Plaintiff now wishes to appeal the Court's Order dismissing her complaint. (Dkt. Nos. 69, 71, 72, 74.) But Plaintiff's appeal is premised on the same baseless factual contentions as her

complaints. Because Plaintiff's complaints were premised on meritless legal theories that had no factual basis the appeal of the Court's dismissal of those complaints would fair no better.

The Court finds that no issue or claim Plaintiff wishes to appeal is "non-frivolous," Hooker, 302 F.3d at 1092, the Court therefore certifies that the proposed appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3).

The clerk is ordered to provide copies of this order to Plaintiff and the Ninth Circuit Court of Appeals.

Dated November 1, 2023.

Marsha J. Pechman
United States Senior District Judge